REVISED February 22, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-50647
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE TELLEZ-MARTINEZ, also known as Jose Luz Tellez-Martinez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2656-ALL

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

Jose Tellez-Martinez (Tellez) pleaded guilty to illegal reentry into the United States after previously being deported, in violation of 8 U.S.C. § 1326. The presentence report (PSR) assigned Tellez a base offense level of eight. Because Tellez had a prior conviction for robbery in California, the PSR increased the base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). After a three-level reduction for acceptance of responsibility, Tellez's total offense level was 21, his criminal history category was II, and his guideline range was 41 to 51 months in prison.

As he did in the district court, Tellez argues that his prior California robbery conviction is not a crime of violence within the meaning of § 2L1.2(b)(1)(A)(ii). Although robbery is an enumerated crime of violence under the Guideline, Tellez argues that robbery under CAL. PENAL CODE § 211 does not meet the generic, contemporary definition of robbery because the California statute may be violated not only by the use of force but also by threats to property. Thus, Tellez argues, the offense does not comport with the contemporary meaning of the enumerated offense of robbery.

The district court's characterization of a prior offense is a question of law that this court reviews de novo. United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006). Section 2L1.2 of the Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines "crime of violence" as (1) any specific enumerated offense, including "robbery," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)).

When determining whether a state conviction constitutes a specifically enumerated, but undefined, offense for purposes of § 2L1.2's crime-of-violence enhancement, this court uses a "common sense approach." United States v. Izaguirre-Flores, 405 F.3d 270, 274 (5th Cir. 2005). Under this approach, we determine whether a violation of the underlying statute constitutes the enumerated offense as the enumerated offense is understood in its "'ordinary, contemporary, [and] common' meaning." Id. at 275. If the underlying statute encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the defendant's sentence cannot be upheld. Id. at 276-77.

In Santiesteban-Hernandez, 469 F.3d at 379-80, this court addressed whether the Texas offense of robbery is a crime of violence under § 2L1.2. We noted that the generic, contemporary meaning of an offense generally corresponds to the definition in a majority of the States' criminal codes; sources of meaning also include the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice. Id. at 379. We concluded: "the generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person." Id. at 380 (alteration in original) (internal quotation marks omitted). It is this "immediate danger element [that] makes robbery deserving of greater punishment than that provided for larceny and extortion . . . ." Id. (internal quotation marks omitted). Such danger is inherently present when property is taken by force or putting in fear. Id. at 380-81.

The California robbery statute proscribes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." CAL. PENAL CODE § 211. Fear is defined as either the "fear of an unlawful injury to the person or property of the person robbed" or "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." CAL. PENAL CODE § 212.

Although Tellez maintains that a conviction under the California robbery statute is not a crime of violence because the statute criminalizes threats to property as well as persons, his assertion is based on a misunderstanding of the essential language of the statute defining robbery as a crime committed: (1) directly against the victim or in his presence; and (2) against his will. Like the Texas statute at issue in Santiesteban-Hernandez, the California robbery statute involves the misappropriation of property under circumstances involving danger to the person. 469 F.3d at 380. Regardless of how the robbery occurs,

3

that danger is inherent in the criminal act.  Thus, even when the statute is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances "involving [immediate] danger to the person." Id. (alteration in original).

Accordingly, robbery under § 211 of the California Penal Code falls within the generic or contemporary meaning of robbery as understood by this court. The § 2L1.2 enhancement was proper, and the district court properly calculated the advisory guidelines range.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Tellez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995).  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

For the foregoing reasons, the judgment of the district court is AFFIRMED.