# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-50924
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES SAWYER, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-66-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Sawyer, Jr. pleaded guilty to importing marijuana and possessing with intent to distribute marijuana. The presentence report assessed 11 criminal history points for a criminal history category of V. Pursuant to U.S.S.G. §4B1.1, Sawyer's was defined as a career offender and a criminal history category of VI was applied to his offense. As a result, Sawyer was sentenced to 51 months in prison to be followed by 3 years of supervised release. Sawyer argues that his 1998 California second degree robbery conviction is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a crime of violence within the meaning of U.S.S.G. §§ 4B1.1(a) and 4B1.2. Although robbery is an enumerated crime of violence under the Guidelines, Sawyer argues that robbery under CAL. PENAL CODE § 211 does not meet the generic, contemporary definition of robbery because the California statute prohibits a broader range of conduct. He argues that the statute may be violated not only by the use of force but also by threats to property. Sawyer concedes that his failure to object on this point in the district court limits appellate review to the plain-error standard. See United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006).

A "crime of violence" is defined as any state or federal offense punishable by more than a year of imprisonment that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a). Pursuant to the commentary to the Guidelines, robbery is an enumerated crime of violence under this section. See § 4B1.2, comment. (n.1). If a conviction is for an enumerated offense, it is not necessary to examine whether the offense also meets the "use of force" prong of the crime of violence definition. See United States v. Rayo-Valdez, 302 F.3d 314, 317 (5th Cir. 2002) (discussing cases). However, a state's labeling of an offense does not determine whether the offense qualifies as an enumerated offense. United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006). Rather, an enumerated offense is given its "generic, contemporary meaning." Id.; United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005) (addressing crime of violence under U.S.S.G. § 2L1.2). This court then determines "whether the state conviction falls under the generic, contemporary meaning of the enumerated offense." Fierro-Reyna, 466 F.3d at 327.

This court recently held that robbery under CAL. PENAL CODE § 211 meets the generic or contemporary definition of robbery in a case involving an offense

level increase pursuant to U.S.S.G. § 2L1.2.  United States v. Tellez-Martinez, 517 F.3d 813 (2008).  This court reasoned that "the California robbery statute involves the misappropriation of property under circumstances involving danger to the person."  Id.  This court concluded that the California robbery statute "falls within the generic or contemporary meaning of robbery."  Id.

Although the case subjudice concerns application of the career offender provisions found in U.S.S.G. §4B1.1 rather than an offense level increase under U.S.S.G. §2L1.2, the question presented by this appeal - whether robbery under CAL. PENAL CODE § 211 meets the generic or contemporary definition of robbery and is an enumerated crime of violence - is the same.  All of Sawyer's arguments were addressed and rejected by the reasoning in Tellez-Martinez, 517 F.3d at 813.  Sawyer's sentence is AFFIRMED.