IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-40922
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BEN ARIS RAMIREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-41-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ben Aris Ramirez was found guilty at a bench trial of attempted reentry to the United States following a deportation occurring subsequent to an aggravated felony. Ramirez was sentenced to 63 months in prison and a three-year term of supervised release. Ramirez argues that his prior California robbery conviction did not constitute a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). As he concedes, however, this court has determined that a conviction pursuant to CAL. PENAL CODE § 211 is a crime of violence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the statutory definition of the offense "falls within the generic or contemporary meaning of robbery." United States v. Tellez-Martinez, 517 F.3d 813, 815 (5th Cir. 2008).

Ramirez also asserts that his sentence is unreasonable. This court reviews a sentencing decision for "reasonableness," which is the equivalent of abuse-of-discretion review. United States v. Gall, 128 S. Ct. 586, 594 (2007). When the district court imposes a sentence within a properly calculated guideline range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, this court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Moreover, a discretionary sentence imposed within a properly calculated guideline range, as occurred here, is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2466-68 (2007). The district court did not treat the Guidelines as mandatory and stated its belief that the sentence satisfied the § 3553(a) factors.

Ramirez argues that the sentence should nevertheless be vacated and the case summarily remanded on the basis of the Supreme Court's intervening decisions in Gall and Kimbrough v. United States, 128 S. Ct. 558 (2007), which, he urges, "have drastically altered the legal landscape of federal sentencing." The argument is not well-taken. Neither case overturned Rita. To the contrary, Gall reiterated that appellate courts may apply a presumption of reasonableness to a sentence within the pertinent guideline range. 128 S. Ct. at 597.

Ramirez contends that Kimbrough applies because the district court erroneously believed that it lacked the discretion to disagree with the policy behind prior-felony enhancement mandated under the Guidelines, in light of this court's precedent in United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006). Even prior to Kimbrough, this court's precedent offered district courts the opportunity to impose a sentence outside the guideline range. See United States

v. Gomez-Herrera, ___ F.3d ___, 2008 WL 886091 at *2 n.1 (5th Cir. Apr. 3, 2008) (No. 07-10153). The district court's comments at sentencing do not indicate that it would have been inclined not to apply the 16-level enhancement because of Ramirez's individual circumstances but believed it lacked the authority to do so. Consequently, the judgment of the district court is AFFIRMED as to the sentence imposed.

Ramirez also contends that the written judgment incorrectly reflects that he was convicted of being found present in the United States rather than attempted illegal reentry, and he asks that the district court amend the written judgment pursuant to FED. R. CRIM. P. 36. The record reflects that the district court in fact found Ramirez guilty of attempted illegal reentry. Accordingly, the judgment is corrected to state under the nature of offense that "Alien unlawfully attempted illegal reentry into the United States after deportation, having previously been convicted of an aggravated felony."

Judgment AFFIRMED as corrected.