IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50815
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO RIVAS-SALINAS, also known as Marco Antonio Carrillo-Luna

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-512-ALL

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Rivas-Salinas (Rivas) appeals his sentence for illegal reentry following deportation. Specifically, he challenges the enhancement of his sentence based upon the district court's determination that his prior conviction in California for robbery is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Rivas argues that CAL. PENAL CODE § 211 may be violated not only by the use of force but also by threats to property. Because § 211 may be violated by fear of property damage alone, Rivas argues, it does not necessarily

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have the use or threatened use of force as an element, does not fall within the contemporary meaning of robbery, and is not a crime of violence.

Because Rivas did not object below to the enhancement on the grounds he asserts on appeal, this court reviews for plain error. See United States v. Castillo, 386 F.3d 632, 636 (5th Cir. 2004). In United States v. Tellez-Martinez, 517 F.3d 813, 815 (5th Cir. 2008), this court specifically held that "robbery under § 211 of the California Penal Code falls within the generic or contemporary meaning of robbery as understood by this court" and is, therefore, a crime of violence under § 2L1.2. Rivas's arguments to the contrary are, therefore, without merit.

Rivas additionally challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. As Rivas concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

For these reasons, the judgment of the district court is AFFIRMED.