# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50825
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS EFRAIN URRUTIA-JIMENEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1856

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carlos Efrain Urrutia-Jimenez pleaded guilty to one count of unlawful reentry following deportation. The district court sentenced him to 70 months in prison after imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for a prior California conviction for a crime of violence, specifically, robbery. Urrutia-Jimenez challenges various aspects of his conviction and sentence. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Urrutia-Jimenez contends that the evidence was insufficient to establish that he had a prior conviction for robbery in California or the timing of the conviction as required for the enhancement. Because he did not raise this objection, we review only for plain error. See United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005). We question the merit of Urrutia-Jimenez's argument that the Government was required to produce certain types of documents to prove the fact of the prior conviction. See United States v. Neri Hernandes, 504 F.3d 587, 591-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 1106 (2008). In any event, any error does not require reversal under the plain error standard as the record has now been supplemented with appropriate documents establishing that Urrutia-Jimenez was convicted of robbery under § 212.5(c) of the California Penal Code.

With respect to Urrutia-Jimenez's contention that robbery under California law is not a crime of violence under § 2L1.2(b)(1)(A), we recently rejected similar arguments. See United States v. Tellez-Martinez, 517 F.3d 813, 814 (5th Cir. 2008). Thus, Urrutia-Jimenez's challenge to the enhancement fails.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Urrutia-Jimenez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Finally, Urrutia-Jimenez contends that the district court deprived him of his right to counsel of his choice by dissuading him from obtaining new counsel. Our review is for plain error. Urrutia-Jimenez was represented by appointed counsel. Thus, he did not have a right to choose appointed counsel. See United States v. Fields, 483 F.3d 313, 350 (5th Cir. 2007), cert. denied, 128 S. Ct. 1065 (2008). Further, he did not at any time indicate that he wished to retain private

counsel; to the contrary, he indicated that he did not have the resources to do so. In addition, despite discouraging Urrutia-Jimenez from seeking new counsel, the district judge repeatedly informed him that he would appoint new counsel or allow him to retain counsel if that was Urrutia-Jimenez's wish. Urrutia-Jimenez stated that he would keep his appointed counsel and the record does not reveal that he ever requested new counsel. We find no clear or obvious error that would warrant reversal. See Garcia-Mendez, 420 F.3d at 456.

The judgment of the district court is AFFIRMED.