## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

May 26, 2011

No. 10-20238

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISRAEL GONZALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and KING and BARKSDALE, Circuit Judges.

PER CURIAM:

Israel Gonzales challenges his sentence after conviction for conspiring to interfere with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a).  We AFFIRM.

The sole issue on appeal is whether the district court erred in applying Sentencing Guideline § 2X1.1, covering conspiracies, in calculating Gonzales's Guideline range.  Gonzales contends the district court should have applied § 2B3.1, a robbery guideline, instead.  Applying § 2X1.1 led to an offense level of 23, which carries a sentence of 46-57 months.  Gonzales was sentenced to 46 months, the bottom of that range.

No. 10-20238

At the outset, we must resolve whether Gonzales adequately preserved his objection to the use of § 2X1.1. We typically review a district court's interpretation or application of the Guidelines *de novo*. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, where an appellant fails to preserve the issue in the district court, this court's review is limited to plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005).

The government urges us to apply plain error review because Gonzales's argument was "made for the first time on appeal." We disagree. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Exacting precision is not required. *Id.* at 272-73. Here, the probation officer calculated Gonzales's offense level pursuant to § 2B3.1, without mention of § 2X1.1. Gonzales objected to the one-level adjustment for the amount of loss on the ground that only actual loss is counted under § 2B3.1. In other words, Gonzales did not argue explicitly that § 2B3.1 applied, but his argument necessarily required the application of § 2B3.1. At the sentencing hearing, Gonzales reiterated this objection. The government responded, "I would ask the Court to find that 2X1.1 applies and directs us to 2B3.1." The court then explicitly overruled Gonzales's objection. We believe that was sufficient for Gonzales to preserve this issue for *de novo* review.

Even reviewing *de novo*, however, we find no error in the trial court's decision to apply § 2X1.1. This circuit has held already in *United States v. Villafranca*, 260 F.3d 374, 381 (5th Cir. 2001), that § 2X1.1 applies to extortion conspiracies under the Hobbs Act. One of our sister circuits held in *United States v. Amato*, 46 F.3d 1255, 1259-63 (2d Cir. 1995), that § 2X1.1 applies to Hobbs Act robbery conspiracies, and other circuits, albeit in unpublished

2

opinions, have adopted that same approach. *See, e.g.*, *United States v. Mershon*, 322 F. App'x. 232, 236 (3d Cir. 2009); *United States v. Joost*, No. 95-2031, 1996 WL 480215, \*11-12 (1st Cir. Aug. 7, 1996).

Although the Eleventh Circuit has declined to apply § 2X1.1 to conspiracy to commit robbery under the Hobbs Act, it did so relying partly on a Second Circuit decision that was later overruled in *Amato*. *See United States v. Thomas*, 8 F.3d 1552, 1564-65 (11th Cir. 1993) (citing *United States v. Skowronski*, 968 F.2d 242, 249-50 (2d Cir. 1992)).  The Eleventh Circuit's view is an outlier and arguably contrary to our position in *Villafranca*.

We therefore conclude that the trial court correctly applied § 2X1.1 in calculating Gonzales's sentence.  The sentence is AFFIRMED.