**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2012

No. 10-30839
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC JAMES BOUTTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-318-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eric James Boutte pleaded guilty to production of child pornography and possession of child pornography. He now appeals the consecutive sentences imposed of 360 and 120 months of imprisonment.

The district court applied a four-level enhancement pursuant to U.S.S.G. § 2G2.1(b)(4), which had been cross-referenced to compute Boutte's advisory range on the possession count, based on its finding that he possessed pornography that was sadistic. Boutte argues that his possession of violent or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sadistic pornography of one child was not relevant conduct to his production of pornography depicting a different child. Boutte's objection in the district court was not sufficiently specific to alert the court to the nature of the error he argues on appeal. Accordingly, we review for plain error. *See United States v. Gonzales*, 642 F.3d 504, 505 (5th Cir. 2011), *cert. denied*, 2011 WL 117598 (Jan. 17, 2012) (No. 11-6095).

Plain-error review involves the following four prongs: First, there must be an error or defect that has not been affirmatively waived by the defendant. Second, the error must be clear or obvious, i.e., not subject to reasonable dispute. Third, the error must have affected the defendant's substantial rights. Fourth, if the above three prongs are satisfied, we have the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Boutte has not demonstrated, based on *United States v. Dickson*, 632 F.3d 186, 188-91 (5th Cir.), *cert. denied,* 131 S. Ct. 2947 (2011), or *United States v. Fowler*, 216 F.3d 459, 460-62 (5th Cir. 2000), that the district court clearly or obviously misapplied the guidelines by applying § 2G2.1(d)(4) based on material Boutte possessed but did not produce, when § 2G2.1 was cross-referenced pursuant to § 2G2.2(c)(1). Boutte's case is distinguishable from Fowler's because, unlike Fowler, Boutte was convicted of possession. Further, in light of the district court's reasons for varying upward to achieve the statutory maximum sentence by imposing Boutte's sentences to run consecutively, Boutte has not demonstrated that his substantial rights were affected. *See Dickson*, 632 F.3d at 191. The judgment of the district court is AFFIRMED.