**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 23, 2012

No. 11-41063

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RODRIGUEZ-ESCARENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The defendant pled guilty to illegal reentry following a deportation. He had earlier been convicted of a conspiracy to distribute methamphetamine. At his sentencing for illegal reentry, the district court increased his sentence because it considered his earlier crime to be a "drug trafficking offense" as that term is defined by the Sentencing Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). The defendant did not object. On appeal, he argues the enhancement was improper. Under plain-error review, we agree. We VACATE and REMAND.

FACTUAL & PROCEDURAL HISTORY

In April 2011, Texas authorities stopped a vehicle for exceeding the speed limit. One of the passengers was Jesus Rodriguez-Escareno, who was in the

No. 11-41063

United States illegally after having been deported in 2006.  He was detained.
Subsequently, a grand jury in the United States District Court for the Southern
District of Texas returned a one-count indictment against him for being found
in the United States illegally following a deportation.  *See* 8 U.S.C. § 1326.  He
pled guilty.

A Presentence Investigation Report ("PSR") was prepared.  Using the
Sentencing Guidelines, the PSR calculated that the base offense level was 8.
The criminal history section of the PSR listed a 2001 conviction in the United
States District Court for the Southern District of Iowa of conspiracy to distribute
methamphetamine.  The judgment stated that Rodriguez-Escareno had been
charged under 21 U.S.C. §§ 846 and 841(b)(1)(B).  Section 846 provides the same
penalty for a conspiracy to commit one of the drug offenses listed in that chapter
as for the underlying offense.  The PSR determined that Rodriguez-Escareno's
previous crime was a "drug trafficking offense," which permitted the application
of the 16-level enhancement under U.S.S.G. §  2L1.2(b)(1)(A)(i).  The offense
level was reduced because he accepted responsibility for his illegal reentry.  The
PSR calculated a sentencing range of 41 to 51 months of imprisonment.
Rodriguez-Escareno did not object to these calculations, and the district court
adopted the PSR.  Rodriguez-Escareno received a 48-month prison sentence.  On
appeal, he challenges only his sentence.

## DISCUSSION

Rodriguez-Escareno did not object to the application of the Sentencing
Guidelines.  Consequently, we review only for plain error.  *United States v.
Gonzales*, 642 F.3d 504, 505 (5th Cir. 2011).  Plain error exists when "(1) there
was an error; (2) the error was clear and obvious; and (3) the error affected the
defendant's substantial rights." *United States v. Guerrero-Robledo*, 565 F.3d 940,
942 (5th Cir. 2009) (quotation marks and citation omitted).  If all three elements
are proved, we have "the *discretion* to remedy the error – discretion which ought

No. 11-41063

to be exercised only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quotation and citation omitted).

The issue in this case is whether a conspiracy conviction under 21 U.S.C. § 846 satisfies the requirements for the 16-level enhancement. The enhancement is for "conspiring" to commit an offense, but we must decide whether the elements of a Section 846 conspiracy are consistent with the meaning of "conspiring" in Application Note 5 of U.S.S.G. § 2L1.2(b)(1)(A)(i). This question has not been squarely decided in this circuit.

The district court implicitly held there was a sufficient similarity when it applied the 16-level enhancement. Rodriguez-Escareno argues that was plainly erroneous because a violation of Section 846 does not require the government to prove that an overt act occurred in furtherance of the conspiracy, but the general usage of the word "conspiracy" carries that requirement. We look for meaning in two sources: definitions contained within the Guidelines itself and the word's "generic, contemporary meaning." *See United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012); *see also United States v. Vargas-Duran*, 356 F.3d 598, 602 (5th Cir. 2004) (en banc).

Because the Guidelines do not define "conspiracy," we seek the term's generic, contemporary meaning. *Sanchez*, 667 F.3d at 560. That meaning can be revealed by "the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006). The meaning "generally corresponds to the definition in a majority of the States' criminal codes." *United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008).

A leading legal dictionary defines "conspiracy" to require "(in most states) action or conduct that furthers the agreement." *Black's Law Dictionary* 329 (9th ed. 2009). A leading legal treatise agrees that is the majority view. 2 Walter R.

3

No. 11-41063

LaFave, *Substantive Criminal Law* § 12.2 (2d ed. 2003). We too have found that "most jurisdictions" require proof of an overt act to establish a conspiracy. *United States v. Mendez-Casarez*, 624 F.3d 233, 240 (5th Cir. 2010). In a concurring opinion, Judge Higginbotham explained that the weight of authority shows the general meaning "includes a requirement that at least one of the conspirators take an overt act in furtherance of the agreement." *United States v. Gore*, 636 F.3d 728, 745 (5th Cir. 2011) (Higginbotham, J., concurring).

The government concedes that a Section 846 conspiracy is not one that fits the generic, contemporary meaning of a conspiracy. It nonetheless argues that use of the enhancement was not erroneous. Its novel argument is that the meaning of a statutory term in a defendant's prior conviction under a *federal* criminal statute – or at least under Section 846 – should be deemed to be consistent with the meaning of the same term in the federal Guidelines. A term's generic, contemporary meaning should not matter when we are concerned with a prior federal conviction of the relevant crime. It is true that the caselaw in this area is primarily concerned with matching terms in state criminal statutes to the relevant term in the Guidelines. Still, there is no hint in the caselaw that different rules apply when the prior conviction is a federal one. Our conclusion remains that the enhancement was error.

We conclude from these sources that the generic, contemporary meaning of the word "conspiracy" contains an overt-act requirement. It has been settled since 1994 that Section 846 does not require that an overt act occur. *United States v. Shabani*, 513 U.S. 10, 13-14 (1994). It follows that the "conspiring" in Application Note 5 of Section 2L1.2(b)(1)(A)(i) of the Guidelines does not reach judgments of conviction of a conspiracy under Section 846.

We have found an erroneous application of the Guidelines. It must then also be shown that the error was obvious. *Guerrero-Robledo,* 565 F.3d at 942. For an error to be of that character, its existence cannot be subject to reasonable

dispute. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Although many issues of first impression can be reasonably debated, decisions on issues of first impression may be clearly wrong. *United States v. Spruill*, 292 F.3d 207, 215 n.10 (5th Cir. 2002); *accord United States v. Burroughs*, 613 F.3d 233, 244 (D.C. Cir. 2010). A sentencing question of first impression may have an answer that "clearly and plainly follows from the terms of [the Guidelines], the wording of the . . . statute and the indictment, and our jurisprudence." *United States v. Insaulgarat*, 378 F.3d 456, 471 (5th Cir. 2004).

By following the proper analytical path of examining a legal dictionary or leading treatise and applying our precedents, the error here clearly appears. *Cf. United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010). The government has not even argued that the generic, contemporary meaning of conspiracy omits an overt-act requirement. No precedent supports the district court's interpretation of "conspiracy" as not requiring an overt act. The error was plain.

We next consider whether this obvious error affected Rodriguez-Escareno's substantial rights. Rodriguez-Escareno must "demonstrate that the error affected the outcome of the district court proceedings." *Escalante-Reyes*, 689 F.3d at 424 (quotation marks and citation omitted). We examine "whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand." *Id.* (quotation marks and citation omitted). That standard has been met here.

Properly calculated under the Guidelines, the sentencing range should have been 15 to 21 months. This is a substantial difference from the 41 to 51 months determined by the district court. There is a reasonable probability that because of the erroneous 16-level enhancement, Rodriguez-Escareno received a sentence of 48 months, well above the correct Guidelines range. Similar circumstances have been found to affect a defendant's substantial rights. *E.g., United States v. Garza-Lopez*, 410 F.3d 268, 273, 275 (5th Cir. 2005). As in this

case, the district court in *Garza-Lopez* improperly applied a 16-level enhancement for a drug trafficking offense.  We held that the error affected his substantial rights.  *Id.* at 275.  Rodriguez-Escareno's substantial rights also were affected by this plain error.

Because the three requirements to establish plain error have been met, we have discretion to reverse if the error affected "the fairness, integrity or public reputation of his sentencing proceedings."  *Escalante-Reyes*, 689 F.3d at 425.

The plain error in applying the "drug trafficking offense" enhancement resulted in a Guidelines range of 41 to 51 months and an actual sentence of 48 months.  The correctly calculated Guidelines range was 15 to 21 months.  We have previously exercised our discretion to vacate a sentence when the error in the application of the Guidelines resulted in a range that was significantly higher than the correctly calculated Guidelines range.  *See, e.g., United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007) (per curiam).  We are convinced here that this error, which caused a sentence to be more than three times the low end of the Guideline range, "seriously affects the fairness, integrity, or public reputation of his sentencing proceedings."

Accordingly, we VACATE the sentence and REMAND for re-sentencing.