# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40862

Consolidated with 16-40865

United States Court of Appeals
Fif h Circuit

**FILED**
March 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

            Plaintiff - Appellee

v.

SANTOS DIAS,

            Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1176-1
USDC No. 5:15-CR-1434-1

Before JONES and OWEN, Circuit Judges, and ENGELHARDT*, District Judge.

PER CURIAM: **

Santos Dias appeals his sentences for illegal reentry into the United States and his supervised release violation, arguing that the district court

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40862
Consolidated with No. 16-40865

erred in applying his sentences consecutively.  Both the government's counsel and FPD share the blame for creating a sentencing error and leaving it uncorrected by the district court.  Such errors are deplorable. For the reasons stated below, we are constrained to vacate and remand for resentencing.

## BACKGROUND

Santos Dias pleaded guilty in 2014 to illegally reentering the United States following a prior deportation and was sentenced to time served plus a one-year term of supervised release.  In September 2015, while on supervised release, Dias again entered the United States without authorization and was indicted.  The Government moved to revoke Dias's prior supervised release. Dias pled guilty to the new illegal reentry charge and true to the supervised release violation.  The advisory sentencing range relating to Dias's new illegal reentry conviction was fifteen to twenty-one months of imprisonment.  The advisory sentencing range for the violation of his supervised release was six to twelve months.  Dias does not argue that either of these ranges, determined by the district court, is wrong.

At the combined sentencing hearing, Dias argued for a below range sentence for both charges, and, alternatively, that the district court consider running the two sentences partially concurrently.  The Government argued for consecutive sentences toward the upper end of the guidelines range.  During the Government's argument, the district court asked, "There's a [Fifth] Circuit case directly on point, is there not, that is [sic] must be served consecutively?," to which the prosecutor responded, "Yes, sir."  Counsel for the defendant made no objection at that time to this errant question and answer.  Taking "all matters into account," including the Pre-Sentencing Report (PSR) and the arguments of counsel, the district court stated that it would "sentence within the guidelines."  The district court imposed a sentence of sixteen months on

No. 16-40862
Consolidated with No. 16-40865

the new illegal reentry conviction and, after revoking Dias's supervised release from the prior illegal re-entry, imposed another sentence of eight months "to run consecutively and in addition to the [sixteen]-month sentence." Thus, Dias's total sentence was twenty-four months. Dias filed a timely notice of appeal in both cases, challenging the district court order running the sentences concurrently.

## STANDARD OF REVIEW

This court "typically review[s] a district court's interpretation or application of the Guidelines de novo," but "where an appellant fails to preserve the issue in the district court, this court's review is limited to plain error." *United States v. Gonzales*, 642 F.3d 504, 505 (5th Cir. 2011). Dias concedes that he did not contest this issue before the district court, and, accordingly, plain error review is the appropriate standard. The plain error review test consists of three elements: appellant must show "(1) error (2) that is plain and (3) that affects his substantial rights." *United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010). If the appellant satisfies these three elements, the court will then determine whether to exercise its discretion. "This court will correct plain errors only if they seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## DISCUSSION

This court once held the relevant note to the Sentencing Guidelines "plainly states that if the defendant committed the offense while on probation and his probation has been revoked, the sentence should be imposed consecutively," but that decision was abrogated by the revised Sentencing Guidelines in 2003. *United States v. Alexander*, 100 F.3d 24, 27 (5th Cir. 1996); U.S.S.G. § 7B1.3(f). This court has since held that for those "sentenced on or after November 1, 2003, the district court would have had discretion to make

3

its . . . sentence run concurrently (or partially concurrently) with the previously imposed . . . sentence for supervised release revocation (although the Commission recommends that the sentence imposed be consecutive to that for the revocation)." *United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004). As a result, under the clear precedent of this court, the statement that the district court was required to run the sentences consecutively was a plain error. This, however, does not end the analysis, as we must determine whether the error violated Dias's substantial rights and whether it is appropriate to exercise our discretion.

For an error to affect the appellant's substantial rights "the proponent of the error must demonstrate a probability sufficient to undermine confidence in the outcome." *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005) (internal quotation marks omitted). The Supreme Court has held that the defendant bears the burden of persuasion and this burden "should not be too easy." *Id.* (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004)). In *Molina-Martinez v. United States*, the Supreme Court resolved the issue of "how to determine whether the application of an incorrect Guidelines range at sentencing affected the defendant's substantial rights." 136 S. Ct. 1338, 1345 (2016). The district court in this case mistakenly believed that the resulting range from the two sentences combined was twenty-one to thirty-three months, when in fact it was actually fifteen months (assuming sentences at the low end and run concurrently) to thirty-three months (assuming sentences at the high end and run consecutively). While Dias's sentence of twenty-four months fits comfortably inside this range, it is clearly at the low end of what the district court was led to believe was the possible range. If the district court had opted for concurrent sentences, the error could have affected Dias's sentence by as much as eight months on a

4

No. 16-40862
Consolidated with No. 16-40865

twenty-four month sentence.  Appellant has met his burden in this case, and shown that the plain error affected his substantial rights.

Finally, this court must determine that the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Castillo-Estevez*, 597 F.3d at 240.  The obviousness of this error foisted on the court by both parties, together with the potential magnitude relative to the sentence Dias received, causes this court to exercise our discretion to order remand.  In so doing, however, we express no view on the ultimate issues on resentencing

We **VACATE** the sentence and **REMAND** for resentencing.

5