EDITH H. JONES, Circuit Judge,
with whom PRISCILLA R. OWEN, Circuit Judge, joins, concurring:
I concur in this decision to remand on plain error review, but it is most disturbing to note that three different Federal Public Defenders recently represented defendants at sentencing in three separate cases on appeal—United States v. Dias, No. 16-40862, 682 Fed.Appx. 292, 2017 WL 1048069 (5th Cir. Mar. 17, 2017) (per cu- *357 riam), and United States v. Villarreal-Garcia, No. 16-40884 (6th Cir. filed Jun. 20, 2016), being the other two—and every one of them allowed the visiting district judge to make the same mistake: thinking that superseded Fifth Circuit law required him to run sentences consecutively. We have had to review this plain error three times. The discretionary nature of the court’s decision to sentence consecutively or concurrently in these circumstances is not a tough issue; it is settled by the plain language of the Guidelines. U.S. Sentencing Guidelines Manual § 5G1.3(d) & cmt. n.4(C) (U.S. Sentencing Comm’n 2015); see also United States v. Huff, 370 F.3d 454, 465 (5th Cir. 2004); United States v. Whitelaw, 580 F.3d 256, 260 (5th Cir. 2009). Moreover, two of these three appeals included yet another issue that had to be reviewed by this court on plain error.
The failure of the Federal Public Defender’s office to bring sentencing errors to the attention of the district court seems to be a virus that is spreading. It is true that in Dias the Government misrepresented the consecutive sentencing authority to the district court, while the probation office may have erred in the other two cases. Any errors on common issues like these are bad form for all the “experts” involved in sentencing.
Nevertheless, the Federal Public Defender risks having its clients spend considerably more time incarcerated than might otherwise have been required, because clients go to prison while the appellate process winds its way to this court. Review on plain error is becoming unpredictable, as all parties in this process know, resulting in different outcomes for different defendants. Finally, in the unusual case where resentencing is actually meaningful, given the types of errors we are now seeing, the public incurs needless costs and there- is a misuse of judicial resources in duplicative proceedings.
It is time for the FPD and the U.S. Attornéy’s office to take the details of sentencing more seriously in the district court.