W. FLETCHER, Circuit Judge, dissenting: I respectfully dissent. The majority concludes that “Arizona Robbery (and thus armed robbery) is a categorical match to generic robbery.” Maj. Op. at 1070.1 disagree. Under the law of our circuit, generic robbery requires that deprivation of property take place “under circumstances involving immediate danger to the person.” United States v. Becerril-Lopez, 541 F.3d 881, 891 (9th Cir. 2008) (quoting United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2006) (quoting 3 Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003) (brackets omitted and emphasis added))). Under Arizona law, a robbery occurred when an unarmed defendant reached through the open driver’s-side window of a parked car and grabbed a wallet from the hand of a seated undercover police officer. State v. Moore, 2014 WL 4103951, ¶ 8 (Ariz. Ct. App.). There was a brief struggle for control of the wallet, and the arm of the officer “flew back” when the wallet was taken from hiS' hand. Id. ¶2. Under a plain-meaning understanding of the phrase “immediate danger to the person,” the circumstances in Moore did not involve such danger. Arizona’s definition of robbery is therefore broader than the generic definition and is not a categorical match. The majority defines generic robbery’ as requiring only force or fear. The majority writes, “Thus, we hold that for a state crime to be equivalent to generic robbery, it must require property to be taken from a person or a person’s presence by means of force or putting in fear.” Maj. Op. at 1071. Citing the Fifth Circuit’s opinion in Santiesteban-Hernandez, the majority contends that its definition of generic robbery matches the definition of robbery in most states. Id. at 1071 (quoting Santieste-ban-Hernandez, 469 F.3d at 380). But Santiesteban-Hernandez does not support the majority. The Fifth Circuit did indeed survey the definitions of robbery in most states. But its definition of generic robbery does not match the majority’s, for its definition does, not include “force” as a required element. The Texas statute at issue in Santiesteban-Hernandez did not require the use of force or threat of force, but that did not matter to the Fifth Circuit. What mattered was that there be immediate danger. See Tex. Pen. Code Ann. § 29.02 (Vernon 2006) (requiring “bodily injury” or “fear of imminent bodily injury or death”); Santiesteban-Hernandez, 469 F.3d at 380 (“The immediate danger element is what makes robbery deserving of greater punishment than that provided for larceny.” (internal quotation marks omitted)); see also United States v. Parnell, 818 F.3d 974, 982 (9th Cir. 2016) (Watford, J., concurring) (noting that at common law, “[t]o commit robbery, the defendant also had to use violence or intimidation to coerce the victim into parting with his property”). The Fifth Circuit held that there was a categorical match because “both [Texas and generic robbery] involve theft and immediate danger to a person.” 469 F.3d at 381. We have taken the “immediate danger” requirement even more seriously than the Fifth Circuit. In United States v. Tellez-Martinez, 517 F.3d 813 (6th Cir. 2008) (per curiam), a post-Santiesteban-Hernandez ease, the Fifth Circuit held that California robbery is a categorical match to generic robbery, even though the California statute defines robbery as including theft accomplished by “fear of an immediate and unlawful injury to the .., property of anyone in the 'company of the person robbed.” Id. at 815 (emphasis added). Despite fear of injury to property being a sufficient basis for a robbery conviction, the Fifth Circuit concluded that “danger is inherent in the criminal act” because the statute required the crime be committed “(1) directly against the victim or in his presence; and (2) against his will.” Id. In Becerril-Lopez, we interpreted the very same California robbery statute and disagreed with the Fifth Circuit. We held that California robbery is not a categorical match for generic robbery because we were “unconvinced that a taking by threat to property necessarily entails dangers to the person.” Becerril-Lopez, 541 F.3d at 891 n.8. The majority uses “force” and “fear” in the disjunctive—that is, in its view there is generic robbery if property is taken by either force or fear. If either word, as defined by the majority, does not necessarily entail circumstances involving “immediate danger to the person,” the majority’s definition of generic robbery is broader than our definition of generic robbery in Becerril-Lopez. According to the majority, the words “force” and “fear” both “implement the notion of immediate danger.” Maj. Op. at 1071. As the majority defines the two words, this is not true. The majority defines “force” by relying on our two-paragraph per curiam opinion in United States v. Harris, 572 F.3d 1065 (9th Cir. 2009). Citing Harris, the majority writes, “[W]e have held that force sufficient ‘to compel acquiescence to the taking of or escaping with the property’ satisfies the generic definition of robbery, regardless of what degree of force that is in a particular instance.” Maj. Op. at 1072. Our opinion in Harris, despite its brevity, states'the law of the circuit. But it is not at all clear what Harris held with respect to force and generic robbery. The question in Harris was whether, using the categorical approach, Nevada’s robbery statute was a “crime of violence” within the meaning óf U.S.S.G. § 4B1.2. We had held in Becerril-Lopez, using the categorical approach, that California’s robbery statute was a crime of violence. Generic ■ robbery and generic- extortion are both crimes of violence. The California statute was broader than either generic robbery or generic extortion considered alone, but was no broader than the combined elements of those two generic crimes. Becerril-Lopez, 541 F.3d at 890-893. We used the same approach in Harris to conclude that the Nevada robbery statute was a crime of violence, based on the combined elements of generic robbery and extortion. In the only sentence in which we addressed force, we wrote: The Nevada statute’s statement that “[t]he degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property” also does not distinguish it from the California statute analyzed in Becer-ril-Lopez. Harris, 572 F.3d at 1066. This single sentence in Harris is, to say the least, opaque. It is hardly a holding with respect to the degree of force required for generic robbery. It is even less a holding that a slight degree of force is enough to satisfy Becerril-Lopez’s “immediate danger” requirement for generic robbery. The three-judge panel in Harris was without authority to abandon or modify the immediate danger requirement of Becerril-Lopez, and the panel did not purport to do so. See United States v. Velasquez-Bosque, 601 F.3d 955, 959, 963 (9th Cir, 2010) (describing Harris as “relying on Becerril-Lopez” and -holding that Becerril-Lopez still “controls our decision”). Indeed, the panel in Harris nowhere mentioned the immediate danger requirement. According to the majority, even “de miri-imis force sufficient to compel' acquiescence to the taking of or escaping with property” is enough “force” to satisfy the definition of generic robbery. Maj. Op. at 1073. That is, -in the view of the majority, de minimis force always necessarily entails circumstances involving ’ the “immediate" danger to the person” that is required by Becerril-Lopez. This is not true, as -may be seen in Moore. De minimis force is even less than the force required to. grab the wallet in Moore, and there was no “immediate danger” entailed by the circumstances involving the. degree of force used in Moore. It follows that “immediate danger” is not necessarily created by the lesser 'degree of force that would satisfy the majority’s definition. For the majority, even “jostling” is sufficient. Id. at 1072. Under any plain-meaning.understanding of the word, “jostling” -does not necessarily entail circumstances,- involving, “immediate danger to the person.” - . The majority'defines “fear” by quoting from , the second edition of Professor La-Fave’s treatise'on criminal law. The majority writes: As to the meaning of “fear” within the generic definition, a leading treatise teaches: [T]he word ‘fear’ in connection with robbery does not- so much mean ‘fright’ as it means ‘apprehension’; one too brave to be frightened may yet be apprehensive of bodily harm. The victim who is not apprehensive of harm from the robber .so long as he does what the robber tells him to do, though he does expect harm • if he refuses, is nevertheless-‘put in fear’ for purposes of the robbery. LaFave, [Substantive Criminal Law], at § 20.3(d)(2) (footnotes omitted). Maj. Op. at' 1072-73. So far as it goes, and for the purpose intended by Professor La-Fave, this is a perfectly adequate definition of fear. But “fear,” thus defined, does not -necessarily entail circumstances involving “immediate danger to the person.”. Elsewhere in his treatise, in passages separate from his definition of fear, Professor LaFave insists that danger is a required element of robbery. Based on these passages, the Fifth Circuit required “immediate danger.” It wrote in Santiesteban-Hernandez: Although the precise state definitions vary, the generic form of robbery “may be thought of as aggravated larceny,” containing at least the elements of “misappropriation of property under circumstances involving [immediate] danger to the person.” Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003). 469 F.3d at 380 (emphasis added). The Fifth Circuit’s quotation from Professor LaFave is an amalgam. The word “immediate” does not appear in the sentence written by Professor LaFave. The Fifth Circuit took that word from § 20.3(d)(2) and inserted it into the sentence that appears in the introduction to § 20.3. In Be-cerril-Lopez, we then took the phrase “immediate danger to the person,” dropped the brackets around “immediate,” and made it the law of our circuit. For the majority to be right that the elements of generic robbery are satisfied if property is taken through either “force” or “fear,” both words, as defined by the majority, must necessarily entail “circumstances involving immediate danger to the person.” The majority has defined force and fear so broadly that neither word necessarily entails such circumstances. “Force,” for the majority, includes de min-imis force and “jostling.” “Fear,” for the majority, includes the “apprehension” of harm, but only if the victim fails to cooperate. Neither word, so defined, necessarily entails “circumstances involving immediate danger to the person.” The majority effectively reads “immediate danger to the person” out of the definition of generic robbery. Becerril-Lopez, the source of the immediate danger requirement, may have been wrongly decided (though I do not think so). If so, the proper course for the panel is not to abandon it, but to make a sua sponte call for reconsideration by an en banc panel.