# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2020

Lyle W. Cayce
Clerk

No. 19-11011
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESHAWN MCCARTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-285-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Deshawn McCarter appeals his 37-month sentence imposed following his guilty plea for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Raising one issue on appeal, McCarter argues that the district court erred in finding that his prior California robbery conviction is a "crime of violence" sufficient to qualify him for a base offense level of 20 pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2K2.1(a)(4)(A). According to McCarter, his California robbery conviction does not qualify as a crime of violence because it criminalizes a broader range of conduct than generic robbery or generic extortion. McCarter acknowledges that this argument is foreclosed by *United States v. Tellez-Martinez¸* 517 F.3d 813 (5th Cir. 2008), but raises the issue to preserve it for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and McCarter concedes, the sole issue raised on appeal is foreclosed by *Tellez-Martinez*, 517 F.3d at 814-15, wherein we held that the relevant statute, California Penal Code § 211, fell within the "generic or contemporary meaning of robbery as understood by this court" and thus qualified as a crime of violence under the former U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Montiel-Cortez*, 849 F.3d 221, 226-27 nn.10-20 (5th Cir. 2017); *see also United States v. Flores-Vasquez*, 641 F.3d 667, 670 n.1 (5th Cir. 2011) (noting that a prior conviction that qualifies as a "crime of violence" under the former § 2L1.2, also qualifies as a crime of violence under § 4B1.2). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.