# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2022

Lyle W. Cayce
Clerk

No. 21-50854
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*

*versus*

RENE TREVINO,

*Defendant-Appellant*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-233-2

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

A jury found Rene Trevino guilty of violating 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(i) by conspiring to transport illegal aliens (Count 1) and of violating § 1324(a)(1)(A)(ii) and (B)(i) by transporting

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50854

illegal aliens for financial gain (Count 2). Trevino was sentenced to 46 months of imprisonment on Counts 1 and 2, to run concurrently, and three years of supervised release on both counts, to run concurrently. On appeal, Trevino contends that the district court erred in applying a three-level sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person.

We typically review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Castelo-Palma*, 30 F.4th 284, 286 (5th Cir. 2022); *United States v. Gonzales*, 642 F.3d 504, 505 (5th Cir. 2011). However, where the appellant failed to preserve the issue in the district court, our review is limited to plain error. *United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). In this case, we "need not decide the appropriate level of review" because Trevino's argument fails under either standard. *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

There was no error in the application of the § 2L1.1(b)(6) enhancement. We have "consistently held that [§] 2L1.1(b)(6) applies against defendants who have transported unrestrained aliens in a pickup truck bed that was not covered with a camper shell." *United States v. Maldonado-Ochoa*, 844 F.3d 534, 538-39 (5th Cir. 2016). In *Maldonado-Ochoa*, we affirmed the application of that enhancement where the truck bed was covered by a tarp rather than a camper shell, as "[c]overing a truck bed with a tarp does not protect the aliens who are lying underneath it." *Id.* at 537 n.3; *see also United States v. Angeles-Mendoza*, 407 F.3d 742, 750-51 & n.16 (5th Cir. 2005) (affirming application of the reckless endangerment enhancement where the aliens were placed in the bed of a truck and covered with a tarp or "heavy rubber cover"). Here, Trevino transported five illegal

2

No. 21-50854

aliens who were lying unrestrained in a pickup truck bed covered by a bed cover rather than a camper shell.

Accordingly, the judgment of the district court is AFFIRMED.