# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

Lyle W. Cayce
Clerk

No. 12-40584
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL REYES-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1218-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

Manuel Reyes-Guzman (Reyes) appeals the 50-month sentence of imprisonment imposed following his guilty plea conviction of being illegally present in the United States after removal. He argues that the district court erred procedurally in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his Arkansas conviction of battery in the second degree. We need not determine whether the district court so erred because the error in applying the enhancement, if any, was harmless.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the Government notes, after imposing the 50-month sentence of imprisonment, the district court indicated that it would impose the same sentence based on the factors of 18 U.S.C. § 3553(a) no matter the guideline range. In view of the foregoing, the Government has met its burden to establish that any error in applying the § 2L1.2(b)(1)(A)(ii) enhancement was harmless. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

Reyes contends that the error in application of the enhancement should not be considered harmless because the district court justified its alternative sentence on the erroneous factual assumption that he had been in prison for stabbing the victim of the Arkansas battery offense. Prior to imposition of sentence, however, Reyes clarified the matter by notifying the district court that the facts set forth in the Presentence Report showed that he had merely hit the victim. The record therefore does not support a conclusion that the district court's statement that it would select the same sentence regardless of the guideline range was "based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Reyes also asserts that he is entitled to relief because the district court procedurally erred in not acknowledging the clarification. The issue is arguably subject to plain error review given Reyes's failure to object to the district court's explanation of its sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). However, we need not decide whether plain error review applies because the record establishes that the district court committed no "significant procedural error," *Gall*, 552 U.S. at 51, by imposing sentence without explicitly acknowledging that Reyes had not stabbed the victim. This "conceptually simple" matter was pointedly explained to the district court by Reyes, and it is clear that the district court listened to and considered Reyes's argument. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

AFFIRMED.