# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2015

Lyle W. Cayce
Clerk

No. 14-41272

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ALEJANDRO GALLEGOS-CARMONA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-456-1

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.
PER CURIAM:*

Defendant-Appellant pled guilty as charged in the indictment to illegal reentry. The district court imposed a sentence of 57 months' imprisonment. Defendant-Appellant appealed. We affirm.

## I. Facts & Procedural History

Defendant-Appellant Jesus Alejandro Gallegos-Carmona ("Gallegos-Carmona") pled guilty without a written plea agreement to illegal reentry. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), the probation officer recommended

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing a 16-level crime of violence ("COV") enhancement[1] because Gallegos-Carmona had previously been deported subsequent to a 2011 Texas felony conviction for assault-family violence-impeding breath.[2] *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2013). After applying the COV enhancement, Gallegos-Carmona's total offense level of 21, coupled with a criminal history category of IV, resulted in a sentencing guidelines range of 57 to 71 months' imprisonment.

Gallegos-Carmona objected to the 16-level enhancement, arguing that his Texas conviction for assault-family violence-impeding breath was not a COV under § 2L1.2(b)(1)(A)(ii). Gallegos-Carmona renewed his objection at sentencing. The district court overruled Gallegos-Carmona's objection and found that the impeding breath subsection of the Texas assault statute included as an element of the offense the use, attempted use, or threatened use of physical force against the person of another and, therefore, qualified as a COV.

The district court then sentenced Gallegos-Carmona to a term of 57 months' imprisonment with a 3-year term of supervised release and a $100

---

[1] Section 2L1.2 of the U.S. Sentencing Guidelines provides that the base offense level for illegal reentry shall be increased by 16 levels if the defendant was previously deported subsequent to a conviction for a COV. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application notes to § 2L1.2 define a COV as either one of several enumerated offenses or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id*. § 2L1.2, cmt. (n.1(B)(iii)); *see United States v. Garcia-Perez*, 779 F.3d 278, 282 (5th Cir. 2015). It is undisputed that the offense of assault-family violence-impeding breath is not an enumerated offense under the Guidelines.

[2] The relevant Texas assault statute provides, in pertinent part, that a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse[.]" *See* Tex. Penal Code Ann. § 22.01(a)(1)-(3) (West 2013). An assault, which is generally a Class A misdemeanor, becomes a third-degree felony if it is committed against a family member or romantic partner, and if "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Id*. at § 22.01(b)(2)(B).

special assessment. In sentencing Gallegos-Carmona, the district court noted for the record that, even if it was incorrect in determining that Gallegos-Carmona's previous conviction qualified as a COV, it would nevertheless have imposed the same sentence based upon its consideration of the factors under U.S.S.G. § 3553(a) and Gallegos-Carmona's prior criminal history. Gallegos-Carmona filed this appeal.

## II. Standard of Review

We conduct a two-step review of the district court's sentencing decision. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014). "First, we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors.'" *Id*. (citations omitted). We "may affirm the sentence in spite of a procedural error if that error is harmless—that is, if 'the error did not affect the district court's selection of the sentence imposed.'" *Id*. at 601 (citations omitted). "Second, if the sentence is procedurally sound or if the procedural error is harmless, [we] 'consider[] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id*. at 598 (citation omitted). In our application of this two-step review, we review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error." *Id*. at 598–99.

"We have held that a guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied." *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (citations omitted). "Even if a court did not consider the correct range, an error in the guidelines calculation can still be considered harmless if the proponent of the sentence 'convincingly demonstrates both (1) that the district court would have imposed the same

sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.'" *Id.* (quoting *United States v. Ibarra–Luna*, 628 F.3d 712, 714 (5th Cir. 2010)). "This is a heavy burden, and one that requires the proponent to point to evidence in the record that will convince [the appellate court] that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *Id.* (internal quotation marks and citation omitted).

## III. Discussion

On appeal, Gallegos-Carmona argues that the district court erred by imposing the 16-level COV enhancement based on his prior Texas conviction for assault-family violence-impeding breath. Gallegos-Carmona contends that his Texas conviction does not meet the definition of a COV because the offense does not include as an element the use, attempted use, or threatened use of physical force against the person of another. He maintains that the offense may be committed without the use of destructive or violent force and that the offense's alternative mens rea requirement of recklessness does not rise to the level of intentional use of physical force. Gallegos-Carmona also asserts that the district court's error was not harmless because, without the 16-level enhancement, his Guidelines range would have been a maximum of 24 to 30 months, which is significantly less than his 57-month term of imprisonment.

The Government argues that this court need not determine whether the 16-level enhancement was erroneous because the district court emphatically ruled that it would impose the same sentence irrespective of any putative error in the 16-level enhancement under § 2L1.2. We agree.

The district court acknowledged at sentencing that Gallegos-Carmona has "mental health issues," a history of using drugs and drinking alcohol, and a "very serious," "long," and "dangerous criminal record" involving "dangerous, disturbing conduct" in the United States. It pointed out that because Gallegos-

4

Carmona grew up in the United States, it believed the chances of his returning or attempting to return were "very high." It went on to state that, in determining the appropriate sentence, it considered the § 3553(a) factors, including, protecting the community, deterring Gallegos-Carmona from coming back, and promoting respect for the laws of the United States. After imposing the 57-month term of imprisonment, the district court further explained:

> And I am noting for the record, also, that even if I am wrong on that plus 16, that your record justifies, under 3553(a), a 57-month custody sentence. So even if I'm wrong on that plus 16 or it being an aggravated felony, crime of violence, even if the Fifth Circuit thinks that that's not correct, under the state of our law, I, in considering 3553(a), I've considered those, and I think that a 57-month sentence is sufficient, but not greater than necessary to meet the goals of 3553(a), because of everything that we've already discussed today, the length of your record, the dangerousness of the conduct that you're involved in when you're here. And so that's why I'm imposing that sentence.[3]

Considering the aforementioned detailed statements of the district court at the sentencing hearing, it is clear that it would have imposed the 57-month term of imprisonment regardless of the applicable Guidelines range. Accordingly, we hold that any putative error made by the district court in determining that Gallegos-Carmona's prior conviction qualified as a COV under § 2L1.2, warranting the 16-level sentencing enhancement, was

---

[3] Gallegos-Carmona's criminal history includes convictions for driving while intoxicated (twice), criminal trespass, resisting arrest, possession of marijuana, giving a false name to a police officer, and assaulting a family member by applying pressure to her throat. When Gallegos-Carmona was arrested for criminal trespass, he had been fighting, and he was so belligerent that he had to be restrained with leg irons and handcuffs in the police car. After one of Gallegos-Carmona's arrests for driving while intoxicated, he made suicidal threats at the jail, attempted to swallow a paper clip, and ripped his earrings out, tearing his earlobes. Gallegos-Carmona's assault conviction arose from an incident in which he was also charged with aggravated sexual assault; that charge was abandoned when he pled guilty to the assault charge.

harmless. *See Richardson*, 676 F.3d at 511 (citing *Ibarra–Luna*, 628 F.3d at 714); *see also United States v. Gutierrez-Mendez*, 752 F.3d 418, 430 (5th Cir. 2014) (finding any error harmless where the district court stated it would impose the same sentence even if it were mistaken in its calculation of the Guidelines range). Additionally, in light of Gallegos-Carmona's dangerous and disturbing criminal record, in conjunction with the other reasons cited by the district court for imposing the sentence, we do not find the 57-month term of imprisonment to be substantively unreasonable. *See Robinson*, 741 F.3d at 598.

## IV. Conclusion

For the foregoing reasons, the sentence of Defendant-Appellant Jesus Alejandro Gallegos-Carmona is AFFIRMED in all respects.