# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40866
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DE JESUS GONZALEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1759

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Gonzalez-Perez pleaded guilty to an indictment charging him with being unlawfully found in the United States after having been previously denied admission, excluded, deported and removed. In calculating Gonzalez-Perez's departure sentence, the district court found that Gonzalez-Perez's criminal history was underrepresented pursuant to U.S.S.G. § 4A1.3, based on the fact that he had five prior apprehensions for illegal entry, and that the circumstances surrounding Gonzalez-Perez's prior sexual contact

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction was a matter that the Sentencing Commission had not considered pursuant to § 5K2.0(a)(2)(B). Accordingly, the district court made an upward adjustment to Gonzalez-Perez's sentence, effectively increasing his criminal history category from II to VI and his offense level from six to eight. Gonzalez-Perez did not object, and the district court sentenced Gonzalez-Perez within the post-departure range to 24 months of imprisonment, which was the statutory maximum for the subject offense.

In the sole issue he raises on appeal, Gonzalez-Perez argues that the district court erred in making the upward adjustment because it did not employ the proper methodology set forth in *United States v. Lambert*, 984 F.2d 658 (5th Cir. 1993), and did not adequately explain the reasons underlying the upward departure. To demonstrate plain error, Gonzalez-Perez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Even if we assume for the sake of argument that the district court erred in making the upward adjustment, we cannot say that such an error affected Gonzalez-Perez's substantial rights. After imposing the departure sentence, the district court made it abundantly clear that, even if it had imposed the upward departure in error, it would have imposed the same sentence based upon its consideration of the 18 U.S.C. § 3553(a) factors and Gonzalez-Perez's criminal history and personal circumstances. Thus, Gonzalez-Perez cannot show that his substantial rights were affected by the district court's departure sentence. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

AFFIRMED.