# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-10925
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEMARCUS PEOPLES,

Defendant - Appellant

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-126-1

————————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2015, pursuant to a plea agreement, Demarcus Peoples pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His pre-sentence-investigation report (PSR) recommended, *inter alia*: a four-level enhancement, pursuant to Sentencing Guideline 2K2.1(b)(1)(B), "[b]ecause the offense involved 11 firearms"; and a second four-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

level enhancement, pursuant to Guideline 2K2.1(b)(6)(B), because he possessed a firearm in connection with a felony drug offense.

Peoples objected to both enhancements in district court, claiming:  there was insufficient evidence to connect him to 11 firearms; the information to which he pleaded guilty referenced only one firearm; and, the firearm forming the basis of his offense was not connected to a felony drug crime.  At sentencing, the district court:  overruled his objections; adopted the PSR's factual findings; and determined the total offense level was 27.  Combined with a criminal history of IV, the advisory sentencing range was 100 to 120 months' imprisonment.

In sentencing Peoples to 100 months' imprisonment, the court stated: "[E]ven if I'm wrong as to any of my rulings on the objections, [the] facts alone . . . justify a sentence of 100 months, perhaps more".  In challenging that sentence, Peoples asserts the court erred in imposing both four-level enhancements.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Peoples' challenges need not be considered, however, because, even assuming *arguendo* the court erred, the error was harmless.  Our court has "held . . . a [G]uidelines calculation error is harmless where the district court has considered the correct [G]uidelines range and has stated that it would

impose the same sentence even if that range applied". *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).  "Even if a court did not consider the correct range, an error in the [G]uidelines calculation [is] . . . harmless if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *Id.*  (quoting *United States v. Ibarra–Luna,* 628 F.3d 712, 714 (5th Cir. 2010)) (internal quotation marks omitted).

As discussed above, the court stated that, even if it was incorrect in overruling Peoples' objections, a 100-month sentence was nonetheless appropriate.  We have held similar statements sufficiently establish harmless error.  *Id.* at 512–13; *United States v. Gallegos-Carmona*, 630 F. App'x 267, 270 (5th Cir. 2015); *United States v. Reyes-Guzman*, 519 F. App'x 317, 317 (5th Cir. 2013).

AFFIRMED.