# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51217

United States Court of Appeals
Fif h Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SANTIAGO SANCHEZ, also known as Santiago Sanchez, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES and OWEN, Circuit Judges, and ENGELHARDT[*], District Judge.

PER CURIAM:

Appellant Santiago Sanchez pled guilty to aiding and abetting a bank robbery and received a six-point enhancement for otherwise using a firearm during commission of the robbery. On appeal, he challenges this six-point enhancement. We hold that any alleged error is harmless. The judgment is AFFIRMED.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

## BACKGROUND

Sanchez pled guilty to aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 2.  The Presentence Report (PSR) established a base offense level of 20.  It also applied various other enhancements for conduct specific to this offense, including a six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B) for "otherwise using" a firearm during commission of the robbery.  Sanchez objected to this six-level enhancement. The district court overruled Sanchez's objection and determined that a six-level enhancement was proper under the Guidelines because there was testimony that the defendants entered the building and announced that they had a gun.

Sanchez's total offense level was set at 31.  Given his criminal history category of III, the resulting advisory Guidelines range was 135–168 months of imprisonment.  The district court adopted the PSR and sentenced Sanchez to 135 months followed by supervised release for five years.  The court explicitly stated that even if it had erred in applying the six-level enhancement, it would have imposed the same sentence.  Sanchez timely appealed.

## DISCUSSION

On appeal, Sanchez asserts that the district court erred by applying a six-point enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B) for using a firearm during the robbery.  Sanchez contends that a four-level or five-level enhancement was more appropriate because his conduct was more consistent with "brandishing" the firearm than "otherwise using" it. U.S.S.G. § 2B3.1(b)(2)(C)–(D).

When a defendant objects to a sentencing enhancement, this court "reviews the district court's interpretation and application of the Guidelines *de novo* and its factual findings for clear error."  *United States v. Johnson*,

No. 15-51217

619 F.3d 469, 472 (5th Cir. 2010). The factual statements in a PSR are "presumed reliable and may be adopted by the district court 'without further inquiry' if the defendant fails to demonstrate by competent rebuttal evidence that the information is 'materially untrue, inaccurate, or unreliable.'" *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal citation omitted).

Assuming *arguendo* that the district court procedurally erred, any error was harmless. Not every procedural error requires reversal. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). An error is harmless, and does not mandate reversal, if "the error did not affect the district court's selection of the sentence imposed." *Id.* Even when a district court does not consider the correct guidelines range, an error is harmless if the district court would have imposed the same sentence for the same reasons, regardless of an erroneous Guidelines calculation. *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010). When it is clear that the "court wanted to 'moot' the defendant's objection—by ordering a sentence that effectively grants counsel's objection—the appeal of the 'sentencing error' makes no sense." *United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017).

In imposing a 135-month sentence, the district court stated "to the extent that I erred in the application of the enhancement of plus six, the sentence would still be the same." This court has held that similar statements during sentencing provide sufficient basis to conclude that any potential error resulting from an improperly calculated Guidelines range is harmless. *United States v. Castro-Alfonso*, 841 F.3d 292, 298–99 (5th Cir. 2016); *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013). We do not require the district court to recite "magic words." *Shepherd*, 848 F.3d at 427. The district court made it abundantly clear that it would have imposed this sentence, regardless of whether it improperly calculated the appropriate Guidelines range by including the six-level enhancement.

No. 15-51217

## CONCLUSION

The appellant's sentence is **AFFIRMED**.