## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40245

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

EUGENIO AGUSTIN MUNOZ-CANELLAS,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1452-1

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Defendant-Appellant Eugenio Augustin Munoz-Canellas pleaded guilty to a one-count indictment charging him with impersonating a federal officer in violation of 18 U.S.C. § 912. The district court sentenced Munoz-Canellas to 18 months' imprisonment. Munoz-Canellas appeals, arguing that the district court erred in calculating the Guidelines range. Because any error was harmless and did not affect Munoz-Canellas's substantial rights, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40245

I

At rearraignment, the prosecutor proffered the following facts:

> In May, 2016, agents . . . received information that starting around July, 2015, the defendant was presenting himself as a Border Patrol agent and soliciting payments from undocumented aliens in exchange for immigration documents. In September of 2016 agents were able to introduce a confidential informant to the defendant. The defendant advised the CI that he was an agent with Border Patrol and solicited $7,000 in exchange for helping the CI, who had presented him or herself as an alien, obtain legal residency. On September 23rd, 2016, the CI met with the defendant and delivered a partial payment of $2,800 to the defendant along with copies of the CI's Mexican documents. Thereafter agents detained the defendant and determined that [the] defendant was, in fact, not a Border Patrol agent or otherwise employed by the United States.

Munoz-Canellas agreed that those facts were true and correct.

II

Munoz-Canellas argues that the district court erred in its Guidelines calculation by applying: (1) a six-level enhancement for loss under U.S.S.G. § 2B1.1(b)(1)(D) because, according to him, the people who paid him to receive immigration papers were not "victims" within the meaning of the Guidelines; (2) a two-level enhancement under U.S.S.G. § 2B1.1(b)(3) for theft from the person of another because, according to him, he never took money from another's person; and (3) a two-level enhancement under U.S.S.G. § 2B1.1(b)(9)(A) for misrepresenting that the defendant was acting for the benefit of a government agency because, according to him, he acted only for his own—not the government's—benefit. Munoz-Canellas concedes that the second two challenges are reviewed for plain error.

2

No. 17-40245

For preserved errors, this Court reviews the district court's interpretation and application of the Sentencing Guidelines de novo. *See United States v. Medina-Torres*, 703 F.3d 770, 773 (5th Cir. 2012) (per curiam). We review facts supporting the application of an enhancement for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, we will not reverse a sentencing error if the error is harmless. *United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017) (per curiam). "An error is harmless, and does not mandate reversal, if 'the error did not affect the district court's selection of the sentence imposed.'" *Id.* (citation omitted). "[A] [G]uidelines calculation error is harmless where the district court . . . considered the correct [G]uidelines range and . . . stated that it would impose the same sentence even if that range applied[.]" *United States v. Peoples*, 667 F. App'x 519, 519–20 (5th Cir. 2016) (per curiam) (quoting *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012)). "To satisfy these requirements, there must be 'evidence in the record that will convince [us] that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error.'" *United States v. Groce*, 784 F.3d 291, 296 (5th Cir. 2015) (quoting *United States v. Ibarra–Luna*, 628 F.3d 712, 718 (5th Cir. 2010)).

We will reverse on plain-error review only when the defendant demonstrates: (1) an error (2) that is clear or obvious, and (3) that affected the defendant's substantial rights. *See United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (citing *United States v. Olano*, 507 U.S. 725, 732–37 (1993)). If a defendant does so, this Court has discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

No. 17-40245

Importantly, under either a harmless-error standard or a plain-error standard, we will not reverse a sentence if we are convinced that the district court would have imposed the same sentence, regardless of the error. *Compare Richardson*, 676 F.3d at 511 (error harmless where the defendant would have received the same sentence even without the error), *with United States v. Gonzalez-Perez*, 633 F. App'x 293, 294 (5th Cir. 2016) (per curiam) (substantial rights not affected where the defendant would have received the same sentence even without the error).

III

We do not reach Munoz-Canellas's alleged legal errors because any error here was harmless and did not affect Munoz-Canellas's substantial rights.

In imposing Munoz-Canellas's sentence, the district court considered the Guidelines range that Munoz-Canellas claims is correct, zero to six months. In fact, Munoz-Canellas concedes that the district court considered the correct range.

The sentencing transcript further makes clear that the district court "had a particular sentence in mind and would have imposed it, notwithstanding the error." *Groce*, 784 F.3d at 296 (quoting *Ibarra–Luna*, 628 F.3d at 718). The district court repeatedly stated that it did not consider a zero-to-six-month sentence adequate. Indeed, the district court repeatedly indicated that, for much of the sentencing, it thought that even an 18-month sentence would have been inadequate. The district court only arrived at an 18-month sentence by taking into account a non-Guidelines factor that was brought to its attention late at the sentencing hearing—that Munoz-Canellas had spent six months in solitary confinement. And after imposing the sentence, the district court expressly stated that it would have given the same sentence under any Guidelines range:

No. 17-40245

> MS. REES [Assistant United States Attorney]: But would your Honor in the event of some caution if maybe you could be finding that under 3553(a), you would impose a sentence of 18 months even if the guideline calculation is incorrect?  Is it essentially the sentence that you would impose under 3553(a) for promoting respect for the law, safety for the community and those sorts of things?
>
> THE COURT: Yeah and considering that he spent six months in solitary already.  Otherwise, I would have actually varied upward.

Accordingly, based on the district court's explicit agreement that it would have given Munoz-Canellas the same sentence regardless of the Guidelines range, as well as the remainder of the sentencing transcript, which confirms the district court's statements, we hold that any Guidelines error was harmless and did not affect Munoz-Canellas's substantial rights.

We AFFIRM.