# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11371

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LEWIS ANDREWS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-114-3

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

By guilty plea entered in August 2017, the appellant, Melvin Lewis Andrews, was convicted of interference with commerce by robbery (Hobbs Act robbery) and aiding and abetting, in violation of 18 U.S.C. §1951(a) and §2, in connection with the 2014 robbery of a jewelry store in Grapevine, Texas. On November 6, 2017, he was sentenced to term of imprisonment of 188 months. Andrews now appeals his sentence, arguing the district court erred by applying the U.S.S.G. § 4B1.1 career offender enhancement based, in part, on his 2016

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11371

robbery conviction under California Penal Code § 211. Specifically, Anderson challenges the use of his California robbery conviction for purposes of the § 4B1.1 career offender adjustment on two grounds: (1) the California robbery conviction is not a "crime of violence" and (2) the California robbery conviction is not a "prior" conviction. Although Andrews preserved his first argument in the district court, he raises his second argument for the first time on appeal. For the reasons stated herein, we affirm.

I.

Using the 2016 edition of the Sentencing Guidelines in preparing the pre-sentence investigation report ("PSR"), the probation officer calculated Andrews' total offense level to be 28 and his criminal history category to be IV. The resulting guidelines range of imprisonment was 110 to 137 months. Both the government and Andrews raised objections to the probation officer's guidelines calculation.

With its objection to the PSR, the government argued Andrews is a career offender, pursuant to U.S.S.G. §§4B1.1 and 4B1.2, based on two convictions of crimes of violence: (1) a 1998 federal conviction for interference with commerce by robbery and displaying a firearm and (2) his 2016 California conviction for robbery. Applying the §4B1.1 adjustment, the government argued Andrews' offense level would be 32, and his criminal history category VI, yielding a guidelines range of imprisonment of 210-262 months. Andrews opposed the government's objection, arguing that California robbery is not categorically a crime of violence because it allows a conviction based on non-violent actions against property in the vicinity of the victim.

Andrews also objected to the PSR, arguing that the California robbery conviction was "relevant conduct" to the offense of conviction and should not be afforded a criminal history point. Accordingly, he argued that his total

offense level should be 28, resulting in a guidelines range of imprisonment of 97 to 121 months.  The government disagreed, arguing the two crimes were separate courses of conduct.

The probation officer issued an Addendum to the PSR, declining to apply the career offender provisions, reasoning the California robbery statute appears broader than the definition of generic robbery provided in the Model Penal Code. Also rejecting Andrews' objection, the probation officer concluded the 2012 California robbery (for which Andrews was convicted and sentenced in 2016) was not part of the instant offense (occurring in 2014) and, because the 2016 California sentence was imposed before Andrews' November 2017 sentencing in this case, it constituted a "prior sentence" for purposes of U.S.S.G § 4A1.1 and § 4A1.2(a), comment. (n.1).

At the sentencing hearing, the district court overruled Andrews' objections for the reasons set forth in the PSR Addendum.  Following argument from counsel, relative to whether the California robbery offense was a crime of violence for purposes of §4B1.1 and §4B1.2, the district court sustained the government's objection, finding the crime of violence career offender adjustment applied. With that enhancement, the district court calculated Andrews' resulting total offense level to be 29 (reflecting a §3E1.1 three-level deduction for acceptance of responsibility) and his criminal history category VI, yielding a guidelines range of imprisonment of 151 to 188 months.[1]

The district court sentenced Andrews to 188 months of imprisonment and three years of supervised release and ordered restitution in the amount of $1,031,307.56.  The district court further ordered the term of imprisonment to

---

[1]  The probation officer included this alternative guidelines calculation in the Addendum to the PSR for use if the district court were to disagree with the probation officer's response to the government's objection and find the §4B1.1 career offender enhancement applicable.

No. 17-11371

run consecutively to the three-year sentence imposed for Andrews' California robbery. Andrews timely appealed.

## II.

Relative to Andrews' first assignment on error, the district court's determination that an offense qualifies as a "crime of violence" under the United States Sentencing Guidelines is a legal question subject to de novo review. *United States v. Jones*, 752 F.3d 1039, 1040 (5th Cir. 2014). "Although the guidelines are advisory post-*Booker*, we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range.'" *United States v. Richardson,* 676 F.3d 491, 508 (5th Cir. 2012) (quoting *United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008)).

Pursuant to U.S.S.G. § 4B1, a defendant is a career offender if, after the age of 18, he commits a felony ("the instant offense of conviction") that is either a "crime of violence or a controlled substance offense" and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a) (2016). Under the 2016 version of the Sentencing Guidelines, robbery is one of the enumerated offenses constituting a crime of violence. U.S.S.G. § 4B1.2(a)(2) (2016).

We previously have held that robbery, in violation of California Penal Code § 211, categorically "falls within the generic or contemporary meaning of robbery as understood by this court" for purposes of former U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008); *see also United States v. Montiel-Cortes*, 849 F.3d 221, 227 (5th Cir. 2017). The generic definition of robbery "may be thought of as aggravated larceny containing at least misappropriation of property under circumstances involving immediate danger to the person" of the victim and "regardless of how

No. 17-11371

the robbery occurs, that danger is inherent in the criminal act." *Id.* We also have determined that a crime of violence under § 2L1.2 is a crime of violence under § 4B1.2. *See United States v. Flores-Vasquez*, 641 F.3d 667, 670 n.1 (5th Cir. 2011). We find no basis to depart from these prior determinations; thus, we find no merit to Andrews' first assertion of error, i.e., that California robbery conviction is not a "crime of violence" for purposes of §4B1.1 and §4B1.2(a).

In reaching this conclusion, we are well aware, as argued by Andrews, that, as of August 1, 2016, Amendment 798 to U.S.S.G. §4B1.2 added a definition for "extortion" to the application notes for §4B1.2. *See* U.S.S.G. §4B1.2, comment. (n. 1); U.S.S.G. Supp. Appx. C, Amend. 798 (Aug. 1 2016). Unlike other circuits, however, the Fifth Circuit's prior determination that California robbery constitutes a crime of violence, for purposes of §2L1.2, turns solely on a comparison of the California statute with the generic definition of robbery. *See Tellez-Martinez*, 517 F.3d at 815 (even where victim is placed in fear of injury to *property*, property is misappropriated in circumstances involving *immediate* danger to the *person*; essential language of the California statute defines robbery as crime committed directly against the victim, or in his presence, and against his will). Accordingly, the Fifth Circuit does not require the generic robbery/generic extortion combination utilized by other circuits in cases involving California robbery accomplished by means of fear of injury to property. *See e.g., United States v. Bankston,* 901 F.3d 1100 (9th Cir. 2018) (discussing impact on Amendment 798 to Ninth Circuit case law); *United States v. O'Connor,* 874 F.3d 1147 (10th Cir. 2017) (same). Thus, at least with respect to *California* robbery, in violation of California Penal Code §211, Amendment 798 is immaterial in this instance.

No. 17-11371

III.

Turning to the second assignment of error, Andrews argues that his 2016 California robbery conviction does not qualify as a "prior" conviction for purposes of § 4B1.1 because he did not commit the instant 2014 offense "subsequent to" sustaining the California conviction, as required by §4B1.2(c). Unlike his first assignment of error, Andrews did not raise this issue in the court below.  Thus, our review is for plain error, rather than for harmless error. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018).  Under either standard, however, a claimed error must "affec[t] substantial rights" to warrant relief on appeal.  FED. R. CRIM. P. 52. The primary difference between the two standards is that under plain error review, the defendant has the burden of proving that an error affected his substantial rights, whereas under harmless error review, the burden is on the government to prove that an error did not affect the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 734-35 (1993).

In the harmless error context,  we recognize two ways for the government to demonstrate harmless error when the wrong guidelines range has been employed.  *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir.), *cert. denied*, 138 S. Ct. 524 (2017).  The first way entails showing "that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way."  *Id*. at 411.  The second way applies in the absence of record evidence showing the district court considered the correctly calculated guideline range, and requires "compelling [proof] that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing" and "that the sentence the district court imposed was not influenced in any way by the erroneous [g]uidelines

calculation." *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016). *See also Guzman-Rendon*, 864 F.3d at 411 ("the other way applies even if the correct guidelines range was not considered, and requires that "'[the government] convincingly demonstrate" the district court would have imposed the same sentence for the same reasons given at the prior sentencing).[2]

To show plain error, Andrews must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Although an error in calculating the applicable guidelines range is normally enough to show an effect on substantial rights for purposes of plain error review, the defendant likewise may not carry his burden if the court believed the sentence was appropriate regardless of the correct guidelines range or the sentence was based "on factors independent of the Guidelines." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016); *see also United States v. Hott,* 866 F.3d 618, 621 (5th Cir. 2017) (plain error review unsatisfied where record showed district court thought the chosen sentence appropriate irrespective of the guidelines range and the defendant failed to show a reasonable probability of a different outcome); *United States v. Munoz-Canellas*, 695 Fed. Appx. 748 (5th Cir. 2017) ("under either a harmless-error or plain-error standard, we will not reverse a sentence if we are convinced that the district court would have imposed the same sentence, regardless of the error.")

Here, the record reflects that the district court was well aware of the differing guidelines ranges posited by the parties and declared, several times,

---

[2] The mere reasonableness of the imposed sentence, however, considered alone, will not support its affirmance. *United States v. Hernandez-Montes*, 831 F.3d 284, 296 (5th Cir. 2016).

that it otherwise would impose the same sentence even if any of its rulings on the parties' objections to the guidelines range calculations were incorrect.[3] Specifically, the district court explained that it would impose the same sentence based on Andrews' extensive criminal history, which included convictions for possession with intent to distribute cocaine, criminal trespass, affecting interstate commerce by robbery and displaying a firearm, assault and battery, domestic violence, and robbery.

Additionally, the court stated that, irrespective of its rulings on the objections, the sentence takes into account the sentencing factors under 18 U.S.C. § 3553(a), such as the history and characteristics of the defendant, the seriousness of the offense, respect for the rule of law, just punishment, deterrence, and protection of the public. The district court was aware, moreover, that Andrews had been sentenced to only three years imprisonment relative to the 2012 California jewelry store robbery; indeed, the court ordered Andrews' sentence here to be consecutive to the California sentence.[4]

 In its brief, the government concedes that the district court committed clear or obvious error by characterizing the 2016 California robbery conviction as a *prior* conviction, given the timing requirements of §4B1.2(c), but argues that Andrews cannot show that he is entitled to relief on plain error review. We agree.

As set forth above, the district court considered both the correct and incorrect guidelines ranges and explained, multiple times, that it would select the same sentence, regardless of any error in its rulings on objections, and

---

[3] These declarations appear in the transcript of the sentencing hearing and the written statement of reasons form completed by the sentencing judge.  The alternative guideline ranges posited by the parties are set forth in the government's objections, the defendant's response to those objections, and the Addendum to the PSR.

[4] Notably, even in the absence of a career offender enhancement, paragraph 116 of the PSR identified this lengthy criminal history and the §3553 factors as factors that might warrant an upward  non-guidelines (variance) sentence.

No. 17-11371

provided detailed reasons. And, though the instant, unpreserved error (based on the timing of the California robbery conviction) differs from the particular crime of violence objection that *was* considered by the district court, we do not find that difference material, given the more substantive nature of that objection, directed to whether the earlier robbery qualified as a crime of violence. Finally, moreover, we note that Andrews' briefing of the "substantial rights" issue consists solely of the conclusory assertions that the "error affected [his] substantial rights" and "affects the fairness, integrity, and public reputation of judicial proceedings."

For all these reasons, the plain error that occurred in treating the California conviction as  a "prior" conviction for career offender purposes did not affect Andrews' substantial rights.  Accordingly, the judgment of the district court is AFFIRMED.