# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10739
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAUNNA RENEE DOYLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-55-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Shaunna Renee Doyle appeals the within-guidelines 15-month prison term and three-year supervised release term imposed on her guilty plea conviction for possessing stolen mail. *See* 18 U.S.C. § 1708. Doyle asserts that the district court erroneously enhanced her sentence under the Sentencing Guidelines under relevant conduct principles that have no application to her.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10739

The district court stated that its choice of a 15-month prison term was pursuant to 18 U.S.C. § 3553, with the Sentencing Guidelines treated as advisory only. The court explained that the sentence was chosen by balancing Doyle's crime with her circumstances, including her recent positive momentum after what defense counsel called a tragic life. The district court stressed that law enforcement officers had found in Doyle's car tools used to fish mail out of Government mail receptacles and also found numerous parcels of mail, some of which contained Social Security numbers and other identification information of other people. Emphasizing the seriousness of Doyle's crime, the district court stated that a strong sentence of imprisonment was necessary to deter Doyle and others from committing such crimes and that the § 3553 factors called for the chosen sentence because the district court believed that a 15-month term is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. In concluding its explanation of the chosen sentence, the district court stated as follows: "Even if I'm wrong as to my ruling on these objections, this is the sentence I otherwise would impose." The district court emphasized that statement by including a paraphrasing of it in the written statement of reasons.

Appellate courts are to review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Ordinarily, the first step in this review is deciding whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* at 51. When reviewing for procedural error, this court ordinarily reviews the interpretation and application of the Guidelines de novo and findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If this court concludes that procedural error has occurred, remand is required unless

the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Procedural error in sentencing is harmless if it had no effect on selection of the sentence. *Id.* at 753. Even if the district court did not consider the correct range, any error in calculating the guidelines range will be deemed harmless if this court is convinced that the district court would have imposed "the same sentence . . . for the same reasons," the error notwithstanding. *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (internal quotation marks and citation omitted); *see United States v. Ibarra-Luna*, 628 F.3d 712, 717-19 (5th Cir. 2010).

The record in the instant case is not "silent as to what the district court might have done had it [explicitly] considered the correct Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016); *see United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017). In light of the unequivocal statements by the district court that it would impose the same 15-month sentence even if it erred in its guidelines range calculation, we will not disturb the sentence imposed. *See United States v. Sanchez*, 850 F.3d 767, 769-70 (5th Cir. 2017); *United States v. Richardson*, 713 F.3d 232, 234, 237 (5th Cir. 2013). The district court "was firm, plain, and clear in expressing [its] reasoning, and" we have no basis for questioning that statement or that reasoning. *United States v. Castro-Alfonso*, 841 F.3d 292, 298-99 (5th Cir. 2016).

AFFIRMED.