# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2021

Lyle W. Cayce
Clerk

No. 21-10272
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVEN PETER WHALEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-114-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Steven Peter Whaley pleaded guilty to receipt of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced Whaley to a within-guidelines sentence of 240 months of imprisonment, followed by a life term of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

supervised release.  Whaley now appeals his sentence for procedural and substantive reasonableness.

First, Whaley argues that the district court erred when it applied the U.S.S.G. § 2G2.2(c)(1) cross-reference for causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and therefore improperly calculated his guidelines range of imprisonment.  He contends that the Government's evidence was inadequate to establish the application of the cross-reference.  Because Whaley preserved this claim, this court reviews the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The clear error standard is deferential and "only requires a factual finding to be plausible in light of the record as a whole."  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

Here, the evidence at the sentencing hearing demonstrated that the district court plausibly found the Government proved the application of the § 2G2.2(c)(1) cross-reference by a preponderance of the evidence.  *See id.*; *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010).  Whaley had a large collection of child pornography images, including images of young children. He had access to the young child who was identified as the victim depicted in the pornographic image at issue.  The victim was identified by her mother as well as Whaley when the image was shown to him by law enforcement. There were other images of the child victim on Whaley's phone that Whaley stored on a memory card.  While there were no identification experts present at the sentencing hearing, the district court determined that the child victim in the image was "more likely than not" the child who was identified as the victim, as their facial and hair features were similar.  The district court also found concerning Whaley's previous statement that the child victim was the primary reason as to why he wanted to marry the child victim's mother.

No. 21-10272

Lastly, the district court determined that Whaley's testimony at the sentencing hearing was "wholly incredible" and that he lied under oath.

Furthermore, even if the district court committed a procedural error regarding Whaley's sentence, the error was harmless. *See United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017).

Next, Whaley argues that his within-guidelines sentence is substantively unreasonable, citing the district court's weighing of the 18 U.S.C. § 3553(a) factors. Because Whaley argued for a shorter sentence during sentencing, his challenge is reviewed for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Here, the district court specifically found the nature and the circumstances of Whaley's offense "uniquely disturbing" and indicated that while Whaley's lack of criminal history weighed in his favor, his history and characteristics regarding the progression of his conduct weighed against him. Furthermore, the record shows that the district court considered Whaley's arguments for a lesser sentence but determined that the 240-month term of imprisonment was appropriate under the § 3553(a) factors. Whaley's argument amounts to no more than a request for this court to reweigh the statutory sentencing factors, which it will not do. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Giving due deference to the district court's consideration of the § 3553(a) factors, Whaley has failed to show that the district court abused its discretion. *See id.*

The judgment of the district court is AFFIRMED.