# United States Court of Appeals for the Fifth Circuit

---

No. 22-10485
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Clayton McBryde,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-135-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Clayton McBryde pleaded guilty to possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(b), (b)(2). The district court sentenced McBryde to the statutory maximum of 240 months of imprisonment, followed by a life term of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10485

McBryde challenges two of the district court's evidentiary decisions: 1) the denial of McBryde's motion to compel a pdf version of the victim's cell phone data and 2) the denial of McBryde's request to admit a hard drive of his children's cell phone data at sentencing. We review discovery orders and the exclusion of sentencing evidence for abuse of discretion. *See United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (sentencing); *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (discovery); *see also* Fed. R. Crim. P. 32(i)(2).

McBryde has not shown that the district court abused its discretion in either of those decisions. *See United States v. Runyon*, 290 F.3d 233, 245 (5th Cir. 2002). The district court weighed the privacy interests of the minor victim and other minors, *see* 18 U.S.C. § 3771(a)(1), (a)(8), and the parties do not dispute that defense counsel could access and review the cellphone data in question with the Government's assistance. As for the hard drive, defense counsel failed to persuasively explain the purpose of admitting *all* the data from the McBryde children's four cell phones. *Carbajal*, 290 F.3d at 287. The record provides no indication that these rulings prejudiced McBryde's ability to submit rebuttal evidence.

McBryde also challenges the district court's application of U.S.S.G. § 2G2.2(c)(1) in calculating his guidelines sentence. McBryde preserved this issue for our review by objecting to the application of the § 2G2.2(c)(1) cross-reference. *See United States v. Medina-Anicacio*, 325 F.3d 638, 642 (5th Cir. 2003). When considering a preserved claim of procedural error, we review the district court's interpretation and application of the guidelines *de novo* and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The record supports the district court's determination that the pre-sentence report had sufficient indicia of reliability and that the Government

proved by a preponderance of the evidence that McBryde caused a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011); *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010). Even if the district court committed procedural error regarding McBryde's sentence, the error was harmless. *See United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017); *see also United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

AFFIRMED.